Hector L. HUERTAS, on behalf of himself and all other similarly situated

v.

MARVEL & MALONEY, A Professional Corporation; Michael J. Maloney.

Hector L. Huertas, Appellant.

No. 07–1382.

United States Court of Appeals, Third Circuit.

Submitted on Motion to Proceed In Forma Pauperis and for Possible Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 9, 2007.

Filed: Nov. 26, 2007.

Hector L. Huertas, Camden, NJ, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Hector L. Huertas wished to file a complaint in the District Court without paying the filing fees. Accordingly, he submitted an application to proceed *in forma pauperis.* In his application, he reported a monthly income of $1927.90 (Social Security benefits and disability benefits from the Veterans Administration) and a balance of $952.60 in a money market account. He did not report any expenses. The District

Court denied Huertas's application, noting that he had available funds to pay the filing fees.

Huertas appeals. He has filed an application to appeal *in forma pauperis.* He reports a similar monthly income and slightly higher account balance. Unlike in the District Court, Huertas's application includes a listing of his monthly expenses. Also, in a supplemental filing in response to our request, Huertas provides a detailed accounting of many of his expenses. His expenses are approximately equal to his monthly income.

We will grant Huertas's application, but we will summarily affirm, resolving the apparent contradiction in the process. Essentially, on appeal, Huertas met his burden to show that he is not able to pay the fees, while, in the District Court, he did not.

We have jurisdiction over Huertas's appeal because the District Court's order denying leave to proceed *in forma pauperis* is a final, collateral order appealable under 28 U.S.C. § 1291. *See Abdul–Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir.2001). We review the District Court's order for abuse of discretion. *See Jones v. Zimmerman,* 752 F.2d 76, 78 (3d Cir. 1985).

The decision to grant *in forma pauperis* turns on whether an applicant is "economically eligible" for such status. *Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976) (citation omitted). A person need not be "absolutely destitute" to proceed *in forma pauperis, Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); however, an affiant must show the inability to pay the fees on appeal, *see Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 601 (3d Cir.1989).

The District Court did not abuse its discretion in denying Huertas *in forma pauperis* status on the basis of his affidavit. In the District Court, Huertas de-

scribed his monthly income and an account balance. Unlike in his application to us (and in his response to our order), he did not list any expenses or liabilities in his application to the District Court. Given the information that Huertas provided, it cannot be said that the District Court abused its discretion in concluding that Huertas had funds available to pay the requisite fees. Accordingly, although we grant Huertas's application to proceed *in forma pauperis* on appeal, we will affirm the District Court's order.